UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
RAMON FABIAN AND VICTOR VASQUEZ,

                Plaintiffs.

vs.

THE CITY OF NEW YORK, NYPD POLICE
OFFICERS JOHN DOES ## 1-__, in their
individual and official capacities as employees
of the City of New York Police Department,

                Defendants.
-----------------------------------------------------------------x

Civil Action No.

Complaint

JURY TRIAL DEMANDED

ECF Case

      Plaintiffs RAMON FABIAN and VICTOR VASQUEZ, by their attorneys, DeSimone and Associates, LLC, hereby bring this action under 42 U.S.C. §1983 to redress their civil and legal rights, and allege as follows:

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the Plaintiffs, RAMON FABIAN and VICTOR VASQUEZ, seek relief for the defendants' violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, by the United States Constitution, including its First, Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York.  Plaintiffs seek compensatory and punitive damages, an award of costs, interest and attorneys' fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the Plaintiffs' constitutional and civil rights.

3. Plaintiffs further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

4. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that Defendant CITY OF NEW YORK is administratively located within the Southern District of New York, and the events giving rise to this claim occurred within the boundaries of the Southern District of New York.

## JURY TRIAL DEMANDED

5. Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## PARTIES

6. At all times relevant herein, Plaintiff RAMON FABIAN was a resident of Bronx County, New York.

7. At all times relevant herein, Plaintiff VICTOR VASQUEZ was a resident of Bronx County, New York.

8. Defendant CITY OF NEW YORK is and was at all relevant times herein a municipal entity and/or corporation created and authorized under the laws of the

State of New York with the power and authority to carry to carry out municipal functions, including the maintenance and operation of a police department.

9. That at all times hereinafter mentioned, the defendant CITY OF NEW YORK, is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is responsible.

10. Defendant CITY OF NEW YORK, was at all times relevant herein the public employer of Defendants POLICE OFFICERS JOHN DOE ##1-__.

10. Upon information and belief, and at all times hereinafter mentioned, the defendant CITY OF NEW YORK, employed the officers, policemen, and their assistants and others hereinafter referred to in this Complaint.

11. That at all times hereinafter mentioned, the defendant CITY OF NEW YORK and/or its police department, is a body corporate politic, formed and existing under and by virtue of the Laws of the State of New York with the power and authority to carry out municipal functions including the hiring and supervising of police officers, and at all times relevant hereto, employed police officers and/or supervisory personnel.

12. Upon information and belief, that at all the times hereinafter mentioned, the Defendant, CITY OF NEW YORK, employed the officers, policeman, and their assistants, drivers, and others hereinafter referred to in this complaint.

13. At all times hereinafter mentioned, the defendants, jointly and/or severally, their agents, servants and/or employees, were acting within the scope of their employment and did perform the illegal acts alleged herein with the consent, approval and authority of the defendants.

14. Defendant CITY OF NEW YORK assumes the risks attendant to the maintenance of a police force and the employment of its police officers. Defendant CITY OF NEW YORK was at all relevant times herein the public employer of Defendants POLICE OFFICERS JOHN DOE ##1-__.

15. Defendants POLICE OFFICERS JOHN DOE ##1-__ are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the New York City Police Department, a municipal agency of Defendant CITY OF NEW YORK.

16. At all times relevant herein, the individual defendants were acting under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York City Police Department, in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. They are sued individually and in their official capacity.

17. By the conduct, acts, and omissions complained of herein, POLICE OFFICERS JOHN DOE ##1-__ violated clearly established constitutional standards under the First, Fourth, and Fourteenth Amendments to the United State Constitution of which a reasonable police officer under the circumstances would have known.

## NOTICE OF CLAIM

18. At all times hereinafter mentioned, Plaintiffs have complied with all of the provisions and conditions precedent to the bringing of this action, and has complied

with all of the provisions of the Charter of the City of New York in relation thereto and, in particular, Plaintiffs have presented a written Notice of Claim concerning the above named Plaintiffs to the CITY OF NEW YORK, for adjustment, and more than thirty days have elapsed since said presentation of such notice, and such claim remains unadjusted and the CITY OF NEW YORK having neglected or refused to make an adjustment or payment thereof and the Plaintiffs have, prior to the commencement of this action, duly served upon the CITY OF NEW YORK, written verified Notice of Claim and intention to sue upon the claims hereinbefore set forth within ninety (90) days after these causes of action accrued, and setting forth the name and post office address of the Plaintiffs and their attorneys, the nature of the claims, the time and place where and the manner in which the claims arose, and the injuries and damages sustained, insofar as they were then practicable, and this action is commenced within the time limits for the commencement thereof.

19. By letter dated October 14, 2015, the City assigned a claim number to Plaintiffs' claims and a 50-h hearing was conducted and held on January 8, 2016 with respect to both Plaintiffs.

20. To date, no answer has been received by Plaintiffs and no compensation and/or no adjustment has been offered by Defendant CITY OF NEW YORK in response to the claims set forth in the Notice of Claim.

21. This action has been commenced within one year and ninety days of the date of the occurrence giving rise to this Complaint.

## STATEMENT OF FACTS

22. Plaintiffs, repeat and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

23. On July 9, 2015, Plaintiffs became victims of police brutality when New York City police officers, without warning or justification, without permission consent or probable cause, pulled them over, falsely accused them of theft, threw them to the ground and violently assaulted them.

24. Plaintiffs—who were driving a commercial truck making food deliveries for a living—were working in the early hours of July 9, 2015. Plaintiffs were leaving a delivery at 666 Lexington Avenue, New York, New York, and driving up Third Avenue towards 59th Street on their way back to their employer's commissary to clock-out of work, when they were unlawfully pulled-over, without justification and without probable cause, consent or permission, by two New York City police officers around 3 a.m. at or about the intersection between 58th and 59th Streets on Third Avenue.

25. The unidentified New York City police officers physically yanked Plaintiffs from their truck and threw them from the perch of their high-seats in the cab of their truck down and onto the sidewalk ground, wrenched and bent their arms all the way back, violently kneed them in the back while they were on the ground, and handcuffed them. Plaintiffs were made to wait handcuffed lying face down on the sidewalk for a lengthy time, repeatedly accused of theft and were never read their Miranda rights. Numerous additional New York City police officers came to the

scene while Plaintiffs were made to wait and all the while, repeatedly accused of theft.

26. Plaintiffs were never brought to the police station or charged with theft or any other crime, and eventually were let go while still at the same location where they were pulled-over.

27. Plaintiffs went to the Emergency Room of Montefiore Medical Center the following day. Plaintiff FABIAN was treated for chest abrasions and a right knee contusion. Plaintiff VASQUEZ was also treated for chest abrasions as well as bilateral knee contusions.

28. Despite the medical treatment, Plaintiffs continued to experience pain and discomfort for some time after the assault.

29. At no time during the course of the incident did Plaintiffs pose a threat to the safety of Defendants or the public. Plaintiffs were not engaging in any criminal activity and they were not arrested nor charged with a crime in connection with the events of July 9, 2015.

30. The conduct of the New York City defendant officers, in detaining Plaintiffs, falsely and unlawfully accusing them of the commission of a crime and using force against them was without probable cause, was excessive, and was done maliciously, falsely and in bad faith.

31. As a result of the event alleged herein, and due directly to the actions taken by the individual defendants, Plaintiffs RAMON FABIAN and VICTOR VASQUEZ suffered and continue to suffer physical pain, emotional trauma, discomfort, humiliation, fear, anxiety and embarrassment, among other things.

## CAUSES OF ACTION

### FIRST CLAIM: EXCESSIVE FORCE
### DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983

32. Plaintiffs, repeat and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

33. The conduct and actions of the Defendants CITY OF NEW YORK and POLICE OFFICERS JOHN DOE ##1-__, acting in concert and under color of law, in authorizing, directing and/or causing Plaintiffs to be wrongfully and unlawfully stopped, summarily yanked without warning from the cab of their truck, thrown to the ground, have their arms wrenched and bent all the way behind their backs and violently kneed in their backs was excessive and unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiffs' rights as guaranteed under 42 U.S.C. § 1983, the Laws of the State of New York and its municipal subdivisions and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from unreasonable searches and seizures; free from physical abuse, coercion and intimidation; free from assault; free from false imprisonment and/or illegal detention; free from invasion of their privacy; free from harassment, intimidation, embarrassment, annoyance and abuse; free from discrimination because of their race; and free from

malicious prosecution and free from the use of excessive unreasonable, and unjustified force.

34. As a direct and proximate result of the foregoing, Plaintiffs were subjected to great physical and emotional pain and humiliation and were deprived of their liberty and were otherwise damaged and injured.

### SECOND CLAIM: DENIAL OF MEDICAL CARE: Plaintiff VASQUEZ DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983

35. Plaintiffs, repeat and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

36. Members of the NYPD have an affirmative duty to seek medical attention for persons who are injured in the course of being apprehended by the police.

37. Defendants the CITY OF NEW YORK and POLICE OFFICERS JOHN DOE ##1-__, were present and in the immediate vicinity when Plaintiffs were assaulted by them and/or other NYPD officers and were aware that Plaintiff VASQUEZ was experiencing extreme physical pain as a result of this assault using excessive force, but took no action to provide or request medical care for plaintiff VASQUEZ, disregarding the obvious risk to Plaintiff VASQUEZ's health.

38. The conduct and actions of Defendants CITY OF NEW YORK and POLICE OFFICERS JOHN DOE ##1-__, acting under color of law, in failing to request or obtain medical attention for Plaintiff VASQUEZ, was unreasonable, was done intentionally, willfully, maliciously, with a deliberate indifference and/or reckless disregard for Plaintiff's serious medical needs, and was designed to and did cause specific

physical and emotional pain and suffering in violation of Plaintiff's substantive due process rights as guaranteed under 42 U.S.C. §1983, and the Fourteenth Amendment to the United States Constitution and the laws and Constitution of the State of New York.

39. As a direct and proximate result of the foregoing, Plaintiff VASQUEZ was subjected to great physical pain and suffering and was otherwise damaged and injured.

### THIRD CLAIM: DENIAL OF MEDICAL CARE: Plaintiff FABIAN
### DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983

40. Plaintiffs, repeat and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

41. Members of the NYPD have an affirmative duty to seek medical attention for persons who are injured in the course of being apprehended by the police.

42. Defendants the CITY OF NEW YORK and POLICE OFFICERS JOHN DOE ##1-__, were present and in the immediate vicinity when Plaintiffs were assaulted by them and/or other NYPD officers and were aware that Plaintiff FABIAN was experiencing extreme physical pain as a result of this assault using excessive force, but took no action to provide or request medical care for Plaintiff FABIAN, disregarding the obvious risk to Plaintiff FABIAN's health.

43. The conduct and actions of Defendants CITY OF NEW YORK and POLICE OFFICERS JOHN DOE ##1-__, acting under color of law, in failing to request or obtain medical attention for Plaintiff FABIAN, was unreasonable, was done intentionally,