willfully, maliciously, with a deliberate indifference and/or reckless disregard for Plaintiff's serious medical needs, and was designed to and did cause specific physical and emotional pain and suffering in violation of Plaintiff's substantive due process rights as guaranteed under 42 U.S.C. §1983, and the Fourteenth Amendment to the United States Constitution and the laws and Constitution of the State of New York.

44.    As a direct and proximate result of the foregoing, Plaintiff FABIAN was subjected to great physical pain and suffering and was otherwise damaged and injured.

## FOURTH CLAIM: MUNICIPAL LIABILITY FOR CONSTITUTIONAL VIOLATIONS

45.    Plaintiffs, repeat and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

46.    The CITY OF NEW YORK directly caused the constitutional violations suffered by Plaintiffs, and is liable for the damages suffered by Plaintiffs as a result of the conduct of the defendant officers. The conduct of the defendant officers was a direct consequence of policies and practices of Defendant CITY OF NEW YORK.

47.    At all times relevant to this Complaint, Defendant CITY OF NEW YORK, acting through the NYPD, had in effect policies, practices and customs that condoned and fostered the unconstitutional conduct of the individual defendants, and were a direct and proximate cause of the damages and injuries complained of herein.

48.    Moreover, upon information and belief, the actions of the police Defendants resulted from and were taken pursuant to a de facto policy and/or well settled and

widespread custom and practice of the CITY OF NEW YORK, which is implemented by police officers of said city, to summarily punish persons through allegations without any basis in fact, which results in arrest, prolonged detention, continued harassment, and intentional infliction of emotional distress upon these persons and specifically upon these Plaintiffs.

**49.**     Upon information and belief, the existence of such de facto policies and/or well settled and widespread customs and practices has been known to supervisory and policy-making officers and officials of the CITY OF NEW YORK for a substantial period of time.

**50.**     Upon information and belief, despite knowledge of such illegal de facto policies and practices, the supervisory and policy-making officers and officials of the CITY OF NEW YORK have taken no taken steps to terminate these policies and practices, have not disciplined individuals who engage in such practices, or otherwise properly trained police officers with regard to the constitutional and statutory limits on the exercise of their authority, and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to or negligent disregard of the effect of said policies, customs and practices upon the constitutional rights of persons in the City of New York and in specific, these Plaintiffs.

**51.**     Upon information and belief, and without limiting to the foregoing, the CITY OF NEW YORK has specifically failed to terminate said practices by failing to properly train, instruct and discipline police officers with regard to proper conduct and investigation of an alleged crime; failing to properly train, instruct and

discipline police officers with regard to the preparation of truthful accusatory instruments; failing to properly train and instruct police officers with regard to the elements of crimes and failing to discipline officers who unjustifiably charge persons with crimes and/or illegally detain and/or stop persons, and illegally and without consent, justification and permission batter and assault; and failing to properly train, instruct and discipline police officers with regard to the exercise of their authority.

**52.** As a result of the above described policies and customs, police officers of the CITY OF NEW YORK, including the Defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

**53.** The conduct of Defendants, their agents, servants, and/or employees and police officers was willful, wanton malicious and one with an evil motive and intent and a reckless disregard for the rights and safety of the Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages.

**54.** Defendants, CITY OF NEW YORK, are directly liable and responsible for the acts of their agents, servants and/or employees and police officers as well as any unknown police officers because they have repeatedly and knowingly failed to properly supervise, train and discipline said officers and because they repeatedly and knowingly failed to enforce the rules and regulations of the NEW YORK CITY POLICE DEPARTMENT and the laws of the State of New York and the United States.

**55.** Upon information and belief, Defendant CITY OF NEW YORK knew or should have known that the acts alleged herein would deprive Plaintiffs of their rights, in

13

violation of the First, Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendments to the Constitution and Article 1, 6, 8, 11 and 12 of the Constitution of the State of New York, including, without limitation, Plaintiffs' right to be free from deprivation of liberty without due process of law and freedom from summary punishment, detention, stop, seizure, assault and battery.

**56.**    The wrongful policies, practices, customs and/or usages complained of herein, demonstrated a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of Plaintiffs' rights alleged herein.

## FIFTH CLAIM: COMMON-LAW CLAIM

**57.**    Plaintiffs, repeat and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

**58.**    By the conduct and actions described above, Defendants POLICE OFFICERS JOHN DOE ##1-__, inflicted the torts of assault and battery upon Plaintiffs. The acts and conduct of Defendants  POLICE OFFICERS JOHN DOE ##1-__ were the direct and proximate cause of injury and damage to Plaintiffs and violated Plaintiffs' statutory and common-law rights as guaranteed by the laws and Constitution of the State of New York.

**59.**    Defendants POLICE OFFICERS JOHN DOE ##1-__ acts constituted an assault on Plaintiffs in that Defendants D POLICE OFFICERS JOHN DOE ##1-__ intentionally attempted to injure Plaintiffs or commit a battery upon them and further that

14

Defendants POLICE OFFICERS JOHN DOE ##1-_ acts represented a grievous affront to Plaintiffs.

**60.** Defendants POLICE OFFICERS JOHN DOE ##1-_ constituted a battery upon Plaintiffs in that the above described bodily contact was intentional, unauthorized and grossly offensive in nature.

**61.** The actions of Defendants POLICE OFFICERS JOHN DOE ##1-_ were intentional, reckless, and unwarranted, and without any just cause or provocation, and Defendants POLICE OFFICERS JOHN DOE ##1-_ knew or should have known, that their actions were without the consent of the Plaintiffs.

**62.** The injuries and damages sustained by Plaintiffs were caused wholly and solely by reason of the conduct described above and Plaintiffs did not contribute thereto.

**63.** As a direct and proximate result of the foregoing, Plaintiffs were subjected to great physical and emotional pain and suffering and humiliation, was deprived of their liberties; and was otherwise damaged and injured.

### SIXTH CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### COMMON-LAW CLAIM

**64.** Plaintiffs, repeat and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

**65.** Defendants CITY OF NEW YORK and Defendants POLICE OFFICERS JOHN DOE ##1-_conduct in assaulting and battering Plaintiffs, was without provocation or justification, was extreme, outrageous, and utterly intolerable in a civilized

community, conduct which exceeded all reasonable bounds of decency and was executed intentionally, willfully and knowingly.

**66.** The conduct of Defendants CITY OF NEW YORK and POLICE OFFICERS JOHN DOE ##1-_was the direct and proximate cause of the injuries and damages to Plaintiffs and violated their statutory and common law rights as guaranteed by the laws of the Constitution of the State of New York.

**67.** As a result of the foregoing, Plaintiffs were deprived of their liberty, were subjected to serious physical and emotional pain and suffering, and were otherwise damaged and injured.

### SEVENTH CLAIM: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

**68.** Plaintiffs, repeat and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

**69.** Defendants POLICE OFFICERS JOHN DOE ##1-_ conduct in assaulting and battering Plaintiffs was careless and negligent as to the emotional health of Plaintiffs and caused severe emotional distress to Plaintiffs.

**70.** The acts and conduct of Defendants POLICE OFFICERS JOHN DOE ##1-_ was the direct and proximate cause of injury and damage to Plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

**71.** As a result of the foregoing, Plaintiffs were deprived of their liberty, were subjected to serious physical and emotional pain and suffering, and were otherwise damaged and injured.

16

## EIGHTH CLAIM:  NEGLIGENCE

### COMMON-LAW CLAIM

**72.**     Plaintiffs, repeat and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

**73.**     Defendants POLICE OFFICERS JOHN DOE ##1-__  while acting as agents and employees of and for Defendant CITY OF NEW YORK, owed a duty to Plaintiffs to perform their police functions and police duties without the use of excessive force. Defendants POLICE OFFICERS JOHN DOE ##1-__ use of force upon Plaintiffs, when Plaintiffs were unarmed and did not pose a threat of death or grievous bodily injury to Defendants POLICE OFFICERS JOHN DOE ##1-__ or to others constitutes negligence for which Defendants POLICE OFFICERS JOHN DOE ##1-__ are individually liable.

**74.**     As a proximate result of Defendants JOHN DOES 1-__ negligent use of force, Plaintiffs sustained physical and emotional pain and suffering and were otherwise damaged and injured.

## NINTH CLAIM:  RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

### COMMON LAW CLAIM

**75.**     Plaintiffs, repeat and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

**76.**     The conduct of Defendants POLICE OFFICERS JOHN DOE ##1-__  alleged herein occurred while they were on duty and in uniform and during the course and

17

scope of their employment, duties and functions as New York City police officers, and while they were acting as the agents, officers, servants, and employees of Defendant CITY OF NEW YORK.  As a result, Defendant CITY OF NEW YORK is liable to Plaintiffs pursuant to state common law doctrine of respondeat superior.

### TENTH CLAIM:  NEGLIGENT HIRING, RETENTION & SUPERVISION

#### COMMON-LAW CLAIM

**77.**    Plaintiffs, repeat and reallege each and every allegation contained in the preceding paragraphs with the same force and effect as if fully set forth herein at length.

**78.**    Defendant CITY OF NEW YORK negligently trained, retained and supervised Defendants POLICE OFFICERS JOHN DOE ##1-_ .  The acts and conduct of Defendants POLICE OFFICERS JOHN DOE ##1-_  were the direct and proximate cause of injury and damages to Plaintiffs and violated their statutory and common-law rights as guaranteed by the laws and Constitution of the State of New York.

**79.**    The failure of the Defendants, CITY OF NEW YORK to provide proper, adequate and complete training and supervision regarding the manner in which police officers should make arrests, including the use of force, and their failure to take action to eliminate the custom and practice of New York City Police officers to properly investigate and substantiate claims such as the one described herein, and the inadequate training and supervision of New York City Police officers and detectives amounted to gross negligence and a deliberate and known indifference to the rights of those with whom the New York City Police officers and detectives may come into contact with.    This gross negligence and deliberate and known

18

indifference was a direct and proximate cause of the injuries sustained by the Plaintiffs.

**80.**     Defendants, CITY OF NEW YORK, are directly liable and responsible for the acts of their agents, servants and/or employees and police officers as well as any unknown police officers because they have repeatedly and knowingly failed to properly supervise, train and discipline said officers and because they repeatedly and knowingly failed to enforce the rules and regulations of the NEW YORK CITY POLICE DEPARTMENT and the laws of the State of New York and the United States.

**81.**     Upon information and belief, Defendant CITY OF NEW YORK knew or should have known that the acts alleged herein would deprive Plaintiffs of their rights, in violation of the First, Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendments to the Constitution and Article 1, 6, 8, 11 and 12 of the Constitution of the State of New York, including, without limitation, Plaintiffs' rights to be free from deprivation of liberty without due process of law and freedom from summary punishment, detention, stop, seizure, assault and battery.

**82.**     Defendant, CITY OF NEW YORK, is also directly liable and responsible for the acts of Defendants POLICE OFFICERS JOHN DOE ##1-_ under the doctrine of respondeat superior.

**83.**     As a result of the foregoing, Plaintiffs were deprived of their liberty, were subjected to great physical and emotional pain and suffering, and were otherwise damaged and injured.

**WHEREFORE**, Plaintiffs demand the following relief jointly and severally

against all of the Defendants:

- **a.** Compensatory damages in an amount to be determined by a jury;
- **b.** Punitive damages in an amount to be determined by a jury;
- **c.** The convening and empanelling of a jury to consider the merit of the claims herein;
- **d.** Costs and interest and attorney's fees;
- **e.** Such other and further relief as this Court may deem just and proper.

Dated:    New York, New York
          June 24, 2016

RALPH DESIMONE (RD-5634)
DESIMONE & ASSOCIATES, LLC
*Attorneys for: **Plaintiffs***
One World Trade Center—Suite 8500
New York, New York 10007
(212) 220-6555 (phone)
(210) 220-6556 (fax)

20