# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
RAMON FABIAN AND VICTOR VASQUEZ,

                Plaintiffs.

vs.

THE CITY OF NEW YORK, NYPD POLICE
OFFICERS JOHN DOES ## 1-__, in their
individual and official capacities as employees
of the City of New York Police Department,

                Defendants.
----------------------------------------------------------------x

16 Civ. 5296 (GHW)

**PLAINTIFF'S EXPERT DISCLOSURE PUSUANT TO RULE 26(A)(2)**

COUNSEL:

       PLEASE TAKE NOTICE that plaintiffs RAMON FABIAN and VICTOR VASQUEZ, by their attorneys, DESIMONE & ASSOCIATES, LLC, set forth the following as and for their FRCP Rule 26(a)(2)(b) Expert Disclosure:

    1.    (a)    The name and address of plaintiffs' expert witness is:

        Walter Signorelli, Esq.
        2020 Maple Hill Street,
        PO Box 1255
        Yorktown Heights, New York 10598

        (b)    Walter Signorelli is a retired member of the New York City Police Department with more than 31 years of service on the force during which time he conducted, supervised and reviewed thousands of arrests including incidents involving the use of force. Since retirement from the NYPD, Mr. Signorelli has taught graduate degree police science and criminal law courses, worked as a consultant in police liability cases and testified as a police procedures expert in both State and Federal court.

(c) It is expected that Mr. Signorelli will be called at the time of trial to testify as to the propriety of the defendant's actions during the July 9, 2015 incident involving plaintiffs, including their use of force. Mr. Signorelli is expected to testify that he reviewed plaintiffs' medical records, all depositions, all prior pleadings, disclosures including memo books and complaint/information by various officers, photographs, all of which are incorporated by reference herein and made a part hereof and listed explicitly in Mr. Signorelli's report (a copy of which is annexed hereto as Exhibit "A"), as well as any evidence to be adduced at the time of trial.

Mr. Signorelli is expected to testify that on June 9, 2015, between 2:20 and 3:00 am at Third Avenue and East 58th Street in New York County, NYPD Policy Officers Leddy and Pappalardo of the 17th Precinct stopped plaintiffs while driving a food delivery truck. The Officers ordered them to get out of the truck, pointed their guns at them and dragged them out. Plaintiff Vasquez was pulled out and made to lay face down in the roadway, plaintiff Ramon Fabian was pulled out and made to lay face down on the sidewalk. Both men were handcuffed behind their backs and held in custody for approximately 40 minutes. Mr. Signorelli is further expected to testify as to the Officers' differing accounts as to why they pulled plaintiffs' over including: the Officer's stories about responding earlier to a call at about 2:00 am at East 43rd Street regarding an alleged stolen cell phone wherein the plaintiffs were interacting with a homeless woman, and to a second call at about 2:11 am at East 43rd Street wherein one officer testified they had a further conversation with the homeless woman. In addition, he is expected to testify that the Officers' testified that they issued a summons to plaintiff Vasquez for harassment of a homeless woman and to plaintiff Fabian for disorderly conduct, while the plaintiffs'

maintained that they never received a summons but were simply released. He will testify that documents indicate the summonses were dismissed by the court on August 14, 2015 as "legally insufficient".

Mr. Signorelli is expected to testify that it was a violation of the standards of proper police procedure and practices for Officers Leddy and Pappalardo to have arrested and used force against the plaintiffs. Mr. Signorelli is expected to testify that the Officers did not have probable cause for a lawful arrest. Mr. Signorelli is expected to testify that it was a violation of the standards of proper police practice and procedures to have forcefully dragged the plaintiffs out of the truck, handcuffed them, forced them to the ground and made plaintiff Fabian kneel on the sidewalk. Mr. Signorelli is expected to testify that because the underlying arrest was improper, the use of force to arrest the plaintiffs was a violation of the standards of proper police procedures and practices. Mr. Signorelli is also expected to testify that even assuming the arrest was proper, the amount and type of force used as alleged by plaintiffs violated the standards of proper police procedures and practice. Mr. Signorelli is expected to elaborate that police officers are trained only to use force when necessary and reasonable and here, all evidence shows the plaintiffs were cooperative, did nothing to provoke or threaten the officers and did not resist arrest. Mr. Signorelli is expected to state that the photographs depict injuries to both plaintiffs' consistent with them being handcuffed and forced to the ground.

Mr. Signorelli is expected to opine that a disorderly conduct charge under these circumstances was a violation of proper police practices and procedures as plaintiff Fabian's conduct with regard to the homeless woman was related to his attempt to investigate the theft of the cell phone and electronic blue tooth device which he reported

to the police. Under the circumstances, his attempt may have been justified under NYS Penal Law 35.25. Mr. Signorelli is further expected to testify that the supporting fact stated in the affidavit section of the summons was not said in Officer Pappalardo's presence and the alleged statement used as the supporting fact was not sufficient to support a charge of disorderly conduct and to use it as a basis for the arrest and summons was a violation of proper police procedures and practices. He is expected to further testify that there was no additional information on which to base the arrest.

Mr. Signorelli is also expected to opine that the summons issued to Vasquez for harassment 2nd degree was a violation of proper police practices and procedures. Vasquez's conduct with regard to the homeless woman was related to his attempt to investigate the theft of the cell phone and electronic blue tooth device which he reported to the police. Under the circumstances, his attempt may have been justified under NYS Penal Law 35.25. Mr. Signorelli is further expected to testify that there was no additional information on which to base an arrest.

Mr. Signorelli is expected to conclude that it was a violation of proper police procedure and practice to arrest and charge the plaintiffs, the amount and type of force used by the officers, as alleged, was in violation of the standards of proper police procedures and practices.

(d) The curriculum vitae of Mr. Signorelli is annexed hereto as Exhibit "B".

(e) The fee schedule of Mr. Signorelli is annexed hereto as Exhibit "C".

(f) Mr. Signorelli's list of cases in which he has been deposed/testified is annexed hereto as Exhibit "D".

Plaintiffs reserve the right to amend and/or supplement any and/or all of the above responses prior to the time of trial of this matter.

Dated: New York, New York
September 14, 2017

Yours, etc.,

DESIMONE & ASSOCIATES, LLC

By: _____
Ralph DeSimone, Esq. (RD 5634)
Attorneys for Plaintiff
One World Trade Center, Suite 8500
New York, New York 10007
(212) 220-6555